IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Jessica L. Vest,<br><br>      Plaintiff.<br><br>   v.<br><br>RSC Lexington, LLC d/b/a Oakleaf Village of Lexington and Royal Senior Care Management LLC,<br><br>      Defendants. | C/A No. 3:16-cv-3018-CMC<br><br><br><br>Opinion and Order<br>Granting Motion to Remand<br>(ECF No. 23) |

This matter was removed from state court based on the assertion of diversity jurisdiction. ECF Nos. 1, 9 (notices of removal filed September 2, 2016). It is now before the court on Plaintiff's motion to remand. ECF No. 23 (motion to remand filed Tuesday, October 4, 2016). Plaintiff argues Defendants have failed to meet their burden of establishing the existence of subject matter jurisdiction. More specifically, Plaintiff argues the information provided in response to the court's inquiry (and Plaintiff's motion to remand) fails to establish the citizenship of Defendant RSC Lexington, LLC d/b/a Oakleaf Village of Lexington ("RSC Lexington") and, consequently, fails to support a finding of complete diversity. For reasons explained below, the motion to remand is granted.

**STANDARD**

The standard of review applicable to motions to remand depends on whether the defect at issue is merely procedural or raises concerns as to the existence of subject matter jurisdiction.

**Procedural Deficiencies.** Deficiencies in the jurisdictional allegations in a notice of removal are procedural errors and, consequently, may be challenged only by motion filed within thirty days of removal. *See Doe v. Blair*, 819 F.3d 64 (4th Cir. 2016) (reversing *sua sponte* remand

as based on procedural error where defendant failed to allege its principal place of business and court remanded based on this deficiency without allowing defendant an opportunity to cure); *Ellenburg v. Spartan Motors Chassis, Inc*., 519 F.3d 192, 197-98 (4th Cir. 2008) (reversing *sua sponte* remand as based on procedural error where defendant relied on generic allegation that the amount in controversy exceeded $75,000 and court remanded based on this deficiency without allowing defendant an opportunity to cure). Further, jurisdictional allegations in a notice of removal need not "meet a higher pleading standard than the one imposed on a plaintiff in drafting an initial complaint." *Ellenburg*, 519 F.3d at 200 (holding generic allegation as to amount in controversy, made on information and belief, did not render notice of removal procedurally defective).[1]

**Existence of Subject Matter Jurisdiction.** In contrast, concerns as to the absence of subject matter jurisdiction may be raised at any time, by the court or parties. As explained in *Ellenburg*:

> In the case where remand is based on a lack of subject matter jurisdiction, the remand order may be entered at any time, for jurisdiction goes to the very power of the court to act. . . . In addition, because the lack of subject matter jurisdiction may be noticed by the district court *sua sponte* or by any party, . . . the court may enter a remand order *sua sponte*.

*Id*. at 196 (noting remand based on a lack of subject matter jurisdiction falls within the scope of 28 U.S.C. § 1447(c) and is not reviewable).

---

[1] Because the motion to remand in this case was filed more than thirty days after removal, Plaintiff cannot, and in fact does not, challenge the removal procedure. The distinction between the standards applicable to procedural and subject matter challenges is, nonetheless, significant as explained below. *See infra* Discussion.

2

Thus, while a court may not remand a matter based on a perceived insufficiency in the factual allegations in a notice of removal, at least not *sua sponte*, it may be prompted by the nature of those allegations to "inquire *sua sponte* whether it has subject matter jurisdiction and impose on the defendants the burden of demonstrating jurisdiction." *Id*. at 200 (suggesting district court could make such inquiry or invite a motion to remand); *see also Zoroastrian Ctr. v. Rustam Guiv Found'n of N.Y.,* 822 F.3d 739, 748 (4th Cir. 2016) (noting removing party "bears the burden of proof, by a preponderance of the evidence, to show the parties' citizenship to be diverse"). In resolving any concerns as to the existence of jurisdiction (or properly raised procedural defects) the court should consider that "[r]emoval jurisdiction is not a favored construction; [the courts] construe it strictly in light of the federalism concerns inherent in that form of federal jurisdiction." *In re Blackwater Security Consulting, LLC*, 460 F.3d 576, 583 (4th Cir. 2006) (also noting "the party seeking removal bears the burden of demonstrating that removal jurisdiction is proper."); *Mulcahey v. Columbia Organic Chemicals Co., Inc*. 29 F.3d 148, 151 (4th Cir. 1994) (noting same standards and concluding "[i]f federal jurisdiction is doubtful, a remand is necessary.").

**Citizenship for Diversity Purposes.** For purposes of diversity jurisdiction, the citizenship of an artificial entity other than a corporation is coextensive with the citizenship of all of its members or partners. *Americold Realty Trust v. Conagra Foods, Inc*., __ U.S. __, 136 S.Ct. 1012, 1016-17 (2016) (holding real estate investment trust's citizenship, like that of joint stock companies, partnerships, and other unincorporated entities, was coextensive with the citizenship of all of its members)[2]; *Carden v. Arkoma Associates*, 494 U.S. 185 (1990) (citizenship of limited

---

[2] In light of this determination, the Court affirmed the underlying decision of the court of appeals, which remanded the case to the district court with instructions to vacate the judgment on the merits

partnership was coextensive with all of its general and limited partners); *Zoroastrian Ctr.,* 822 F.3d at 749 (noting that, for "unincorporated entities, the Supreme Court [in *Americold*] adhered to the 'oft-repeated rule that diversity jurisdiction in a suit by or against the entity depends on the citizenship of all its members'"); *Central W. Va. Energy Co., Inc. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011) ("For purposes of diversity jurisdiction, the citizenship of a limited liability company . . . is determined by the citizenship of all of its members.").

## BACKGROUND

The state court complaint alleges Plaintiff is a citizen of the state of South Carolina. It also alleges Defendants, both limited liability companies ("LLCs"), are comprised of members who are citizens of Florida or a state other than South Carolina.[3] Defendants removed, relying on these allegations and similarly generic assertions that both Defendants were either citizens of Florida or states other than South Carolina.[4]

---

and remand the matter to state court because the "Americold entities ha[d] failed to carry their burden of demonstrating the existence of diversity jurisdiction. *Conagra Foods, Inc. v. Americold Logistics, LLC*, 776 F.3d 1175 (10th Cir. 2015) (noting that, in response to the appellate "court's request for supplemental briefing, the Americold entities declined to offer any evidence as to the citizenship of the beneficiaries of the Americold Realty Trust, instead choosing to rely exclusively on their assertion that the trust's citizenship was derived solely from the citizenship of its trustees").

[3] Plaintiff initially filed a complaint raising the same allegations in this court. *See Vest v. RSC Lexington, LLC*, 3:16-cv-02601-CMC ("*Vest I*"). To ensure the existence of subject matter jurisdiction, the court required Plaintiff to correct (and then supplement) her jurisdictional allegations. *Vest I*, ECF Nos. 6, 8. Rather than providing the supplemental information, Plaintiff dismissed the federal action. *Vest I*, ECF No. 9. She subsequently filed this action in state court.

[4] Defendants filed separate notices of removal resulting in the creation of two separate but identical actions. The second-filed action was subsequently dismissed without prejudice and the non-duplicative filings from that action were imported into the first-filed action. This has resulted in some inconsistencies between the docket entry numbers and sequence of filings.

In its notice of removal, Defendant Royal Senior Care Management, LLC ("RSCM") asserted:

> [RSCM] is a limited liability company organized and established under the laws of the State of Florida, *whose members and managers are citizens of Florida*. (Compl. ¶ 3.) *Plaintiff alleges* that Defendant RSC Lexington, LLC also is a Florida limited liability company *whose members and managers are citizens of Florida or a State other than South Carolina*. (Compl. ¶ 2.)

ECF No. 1 at 3, 4 (emphasis added, footnote omitted). Similarly, Defendant RSC Lexington asserted in its notice of removal that it is "a limited liability company comprised of *members who are citizens of the State of Florida*" and "[u]pon information and belief, Defendant Royal Senior Care Management, LLC is a limited liability company comprised of members who are citizens of a state other than South Carolina." ECF No. 9 at 2. Thus, each Defendant asserted its own members were citizens solely of Florida and its co-Defendant was either a citizen of Florida or a state other than South Carolina.

Consistent with its normal practices, the court directed the parties invoking federal jurisdiction, here Defendants, to provide additional details as to the factual basis for their citizenship allegations. ECF No. 4 ("Order to Supplement").[5] Specifically, the court directed Defendants to "file supplemental jurisdictional statements listing all members of each LLC Defendant and providing information necessary to determine each member's citizenship (including, as appropriate, the identity of upstream members and facts necessary to determine those members' citizenship)." *Id.*

---

[5] In furtherance of the court's duty to ensure the existence of subject matter jurisdiction, the undersigned routinely requires parties who rely on generalized allegations in support of diversity jurisdiction to provide supplemental information at the outset of the litigation. *See supra* n.3 (imposing the same requirement on Plaintiff).

5

**RSCM Citizenship.** RSCM responded with information that tracked the citizenship of its members back to two individuals. ECF No. 6. Both of these individuals are identified, on personal knowledge of a declarant, Edward Matera, as citizens of Florida. *Id.* Thus, RSCM provided an adequate factual basis for its claim of Florida citizenship.

**RSC Lexington Citizenship.** RSC Lexington sought and was granted an extension of time to respond to the Order to Supplement. ECF Nos. 13, 14. It subsequently provided a responsive memorandum (ECF No. 20) supported by two declarations (ECF Nos. 20-1, 20-2). Together, the two declarations track RSC Lexington's upstream membership back through several strands and seven levels of upstream members. One of those declarations, also by Edward Matera, tracks one strand of upstream members to the same two individuals who are the ultimate upstream members of RSCM (thus, to citizens of Florida). ECF No. 20-2; *see also* ECF No. 20 at 3 ¶ 2.I. (responsive memorandum). The other declaration, of Sharon Kaiser, overlaps with the Matera declaration but also provides details as to what ultimately splits into three additional strands of RSC Lexington's upstream members. ECF No. 20-2.

The additional strands are tracked through seven levels of upstream members. *Id.*; *see also* ECF No. 20 at 4 ¶ 5. One of two upstream members at the seventh level is identified as a corporation incorporated in Maryland with principal place of business in Florida (making RSC Lexington a citizen of at least Maryland and Florida, rather than just Florida). The other seventh-level member is identified as Sentinel RE Investment Holding L.P. ("Sentinel LP"). Kaiser decl. ¶ 10.

Kaiser's declaration provides no further upstream membership information. Some additional upstream information is, however, addressed in RSC Lexington's memorandum, which asserts, on information and belief, that Sentinel LP is comprised of four members, all of which are

6

LLCs. ECF No. 20 at 5 ¶ 6.[6] The memorandum then tracks the four additional strands created by these four upstream members through a number of additional levels to a last-disclosed member (or group of members) described in more detail below. *Id.* at 5-9 ¶¶ 7-9.[7]

**Members with Generic Claims of Citizenship.** For a number of its last-disclosed members, RSC Lexington includes a generic assertion that no member of or partner in that entity is a citizen of South Carolina. RSC makes each of these negative allegations on information and belief. One example is upstream member KKR Management LLC, which RSC Lexington asserts is "comprised of individuals who are not citizens of the state of South Carolina." *Id.* at 5 ¶ 7.I.A.1.b. Similarly RSC Lexington asserts that upstream member KKR Holdings, L.P., is "comprised of numerous individuals who are current or former KKR employees[,] . . . none of [whom] are citizens of the state of South Carolina." *Id.* at 6 ¶ 7.I.A.1.c. RSC Lexington also identifies one subset of partners in upstream member KKR REPA AIV-1, L.P. as including "at least thirty investors" made up of "pension plans, foundations, and high net worth individuals and their investment vehicles." *Id.* at 7, 8 ¶ 8.II.C.1.a. RSC Lexington asserts "none of the individuals [in this subset of investors] are South Carolina citizens." *Id.*[8]

---

[6] RSC Lexington's memorandum provides all information as to its upstream members "upon information and belief," even where that information is supported by declaration made on first-hand knowledge.

[7] The court uses the term "last-disclosed member" rather than "ultimate-upstream member" as it is not clear, in many instances, whether there may be further upstream members beyond the last-disclosed member or group of members.

[8] The use of the term "individuals" may either suggest exclusion of the pension plans, foundations, and investment vehicles from the disavowal of South Carolina citizenship, or may simply be an unintentional use of a narrower term "individual" rather than the broader term "investor."

7

**Members with No Claims of Citizenship.**  At least five of RSC Lexington's upstream members (or, in some cases, groups of members) are identified without even a disclaimer of South Carolina citizenship.  These upstream members include, but are not necessarily limited to the following:  (1) KKR & Co. L.P., which is identified as a "publicly traded limited partnership" whose "limited partners can change like stockholders in a public corporation" (ECF No. 20 at 5 ¶ 7.I.A.1.b.); (2) two otherwise unidentified third-party "limited partnerships controlled by entities unaffiliated with" four specifically identified upstream members (*id.* at 6 ¶ 7.I.A.2.); (3) KKR Real Estate Partners Americas SBS, L.P., whose partners include "KKR employees and third parties [who are] current or former employees and other persons who have invested in KKR sponsored transactions" (*id.* at 6 ¶ 8.II.A.1) (*see also id.* ¶ 8.II.B (providing same description for partners in another upstream member); (4) KKR Real Estate Partners Americas Private Investors, L.P., "whose partners are numerous high net worth individuals across the world whom have invested in KKR sponsored transactions in the past" (*id.* at 8 ¶ 8.II.C.1.c.); and (5) KKR Associates REPA, L.P. whose partners are KKR REPA GP, LLC and "co-investors [who include] well over one hundred entities or individuals all over the world whom have invested in KKR's offerings" (*id.* at 9 ¶ 8.II.C.2.a.).

**Motion to Remand**.  Plaintiff moved to remand shortly after RSC Lexington filed its response to the Order to Supplement.  ECF No. 23.  Plaintiff argues RSC Lexington has failed to establish the existence of complete diversity because it has failed to identify its ultimate upstream members and disclose information necessary to determine their states of citizenship.  *Id*. at 2-4 (stating there are "numerous instances in which RSC Lexington has failed . . . to identify the individual members and partners of [upstream entity members] and provide sufficient proof and documentation that none are citizens of South Carolina" and citing nine examples).  Plaintiff notes

8

the court's special responsibility for ensuring the existence of subject matter jurisdiction and that questions regarding subject matter jurisdiction may be raised at any time. *Id*. at 5 (citing *American Canoe Assn. v. Murphy Farms, Inc.*, 326 F.3d 505, 515 (4th Cir. 2003) ("The ultimate responsibility of the federal courts, at all levels, is to reach the correct judgment under law. . . . [N]owhere is [this responsibility] greater and more unflagging than in the context of subject matter jurisdiction issues, which call into question the very legitimacy of a court's adjudicatory authority.")). Plaintiff argues the court "is not required to accept . . . assertions made 'on information and belief' and should not do so in this case." *Id*. at 6.

**RSC Lexington's Response.** In response, RSC Lexington argues its "supplemental jurisdictional statement . . . sufficiently stated additional facts substantiating the existence of diversity jurisdiction." ECF No. 24 at 1, 2. It argues the information provided is sufficient because "[c]ourts surely can presume that a defendant is aware of various basic personal facts, including the location of [its] citizenship." *Id*. at 3 (citing *KDY, Inc. v. Hydroslotter Corp.*, No. 08-4074, 2008 WL 4938281 (N.D. Cal. Nov. 17, 2008)); *see also id*. at 5 (citing *Cretian v. Jobl USA, Inc.*, No. 09-770, 2009 WL 4841039 (D. Or. Dec. 11, 2009) for proposition "[a] defendant is presumed to know its own citizenship"). RSC Lexington relies on *Ellenburg*, 519 F.3d at 199-200, for the proposition it is "inappropriate for [a] district court [to require] a removing party's notice of removal to meet a higher pleading standard than the one imposed on a plaintiff in drafting an initial complaint." *Id*. at 3. RSC Lexington argues jurisdictional allegations made on information and

9

belief are sufficient. *Id.* (citing *Jones v. Newton*, 775 F.2d 1316, 1317-18 (5th Cir. 1985)).[9] Finally, RSC Lexington relies on *Contreras v. Thor Norfolk Hotel, L.L.C.*, 292 F. Supp. 2d 794, 797 (E.D. Va. 2003) for the proposition negative allegations are sufficient to support the existence of diversity jurisdiction.[10]

Although it maintains it should not be necessary to do so, RSC Lexington states it has "conducted additional research to provide additional factual support to meet its burden of articulating diversity." *Id.* at 5. As set out in the table below, RSC Lexington provides additional information as to some or all of the entities Plaintiff specifically identified as lacking adequate information.

| Entity | Plaintiff's stated concern | RSC Lexington's Response |
| --- | --- | --- |
| **KKR Sentinel Co-Invest LP** | Two of the three partners were not identified. | Reaffirms its prior response without providing additional information. |
| **KKR & Co. L.P.** | This is a publicly traded limited partnership, whose limited partners can change like stockholders in a public corporation. Defendant does not identify the members of this entity's general partner, **KKR Management LLC** but merely states on information and belief that they are individuals who are not citizens of South Carolina. | Does not address the concern as to the limited partners. As to **KKR Management LLC**, states on information and belief that its members are current employees of Kohlberg Kravis Roberts and Co., L.P. "and none are citizens of South Carolina." |

---

[9] *Jones* held an attorney's verification, made on information and belief, satisfied 28 U.S.C. § 1446(a)'s then-applicable requirement that a notice of removal be verified. The current version of Section 1446(a) requires a notice of removal be signed pursuant to Fed. R. Civ. P. 11.

[10] RSC Lexington included most of these legal arguments in its response to the court's Order to Supplement, though the cases cited varied to a limited degree. *See* ECF No. 20 at 9-11. For example, in its response to the Order to Supplement, RSC Lexington relied on *Jaffe-Spindler Co. v. Genesco, Inc.*, 747 F.2d 253, 255 n.1 (4th Cir. 1984), for the proposition "negative allegations as to a party's citizenship" suffice to establish citizenship. *Jaffe-Spindler* was not, however, directed to a motion to remand. It, instead, addressed a jurisdictional concern raised *sua sponte* by the appellate court and resolved that concern based on the agreement of all counsel at oral argument that no partner in the relevant party was a citizen of the same state as the opposing party.

| | | |
|---|---|---|
| **KKR Holdings L.P.** | The limited partners are identified only as current or former employees of KKR with a statement, given on information and belief, that none are citizens of South Carolina. | States on information and belief that this entity "maintains a list of all such 'current or former KKR employees,' and none are known to be citizens of . . . South Carolina." |
| **KKR Real Estate Partners Americas SBS, L.P.** | The limited partners are identified, on information and belief, as KKR employees and third parties, as well as another LLC, but no information is given as to the citizenship of the employees and third parties. | States on information and belief that this entity "maintains a list of all such 'third parties [who] are current or former employees and other persons who have invested in KKR sponsored transactions' and none is known to be a citizen of South Carolina." |
| **KKR Real Estate Partners Americas ESC L.P.** | Same concern as for KKR Real Estate Partners Americas SBS, L.P. | Same response as for KKR Real Estate Partners Americas SBS, L.P. |
| **KKR REPA AIV-1, L.P.** | The limited partners are identified on information and belief as including at least thirty investors, including pension plans, foundations and high net worth individuals and their investment vehicles, none of whom is a citizen of South Carolina, but the individuals are not identified and no support is given for the claim of citizenship of these investors. | States on information and belief that, "at the time these investors committed to invest . . . [none was] a citizen of South Carolina. As investors, they do not wish to be named in public filings." |
| **KKR Real Estate Partners Americas AIV-1 Feeder L.P.** | The partners include an identified LLC and non-US citizen investors but the non-LLC investors are not identified and no support is given for the claim of citizenship (or non-citizenship). | For this entity and the next two entities listed below, states on information and belief that "at the time" (though at what time is not specified) "none were known to be citizens of South Carolina." |
| **KKR Real Estate Partners Americas Private Investors** | The partners are identified as including "numerous high net worth individuals across the world" but the investors are not identified and no support is given for the claim of citizenship or non-citizenship. | Same. |
| **KKR Associates REPA, L.P.** | The partners are identified as including over one hundred entities and individuals but these partners are not identified and no support is given for the claim of citizenship or non-citizenship | Same. |

11

**RSCM Non-Response.**  RSCM did not respond to Plaintiff's motion to remand.

## DISCUSSION

RSC Lexington is correct that a party may be presumed to know its own citizenship or, at the least, to be in the best position to know it.  *See* ECF No. 20 ¶ 10 (citing *Cretian*, 2009 WL 4841039); ECF No. 24 at 5 (same).[11]  It is also true that a defendant may rely on citizenship allegations made upon information and belief *in its removal papers*.  ECF No. 20 ¶ 12 (citing *Ellenburg*, 519 F.3d at 199-200); ECF No. 24 at 3 (same).  For purposes of this order, the court will also assume without deciding that the Fourth Circuit would allow a party to rely on negative allegations as to its own citizenship in removal papers.  ECF No. 20 ¶ 13 (citing *Jaffe-Spindler*, 747 F.2d at 255 n.1); ECF No. 24 at 4 (discussing *Contreras*).[12]  Finally, the court will assume

---

[11] *Cretian* relied on defendant's presumed knowledge of its own citizenship in finding removal untimely.  Specifically, the court held defendant could not have relied on the complaint's ambiguous allegations as to defendant's citizenship to justify its delay in removing the action. *Cretian*, 2009 WL 4841039 at *3 ("A defendant is presumed to know its own citizenship; indeed, it is in the best position to know it.").

[12] *Contreras* held an LLC defendant's assertion in its removal papers that none of it members were citizens of the plaintiff's state of citizenship or the forum state sufficient to overcome a motion to remand.  The underlying motion raised two arguments:  (1) the *notice of removal* was defective because it did not give the names and citizenship of defendant's members; and (2) defendant was, in fact, a citizen of the forum state, because the citizenship rules applicable to corporations apply to LLCs.  The court rejected the second argument based on standards that are now well settled (an LLC is a citizen of the same states as its members).  The court rejected the first argument because "[a]n allegation of diversity is defective *only* where it 'fails to negate the possibility that diversity does not exist.'"  *Contreras*, 292 F. Supp. 2d at 797 (citing *Baer v. United Services Auto. Ass'n*, 503 F.2d 393, 397 (2d Cir. 1974)) (emphasis added).  It, nonetheless, noted the jurisdictional allegations were "sparse and inartfully pled."  *Id*.
   The court did not seek additional support for the jurisdictional allegations and, consequently, had no reason to consider the sufficiency of a response to such a request.  *Contreras*'s characterization of *Baer*'s holding is also somewhat confusing.  The actual statement

without deciding that these concepts may be stacked such that a defendant may rely in its removal papers on negative allegations, made on information and belief, as to its own citizenship.[13]

Even with these favorable assumptions, RSC Lexington's arguments fail because the court is not here concerned simply with the adequacy of jurisdictional allegations in removal papers, the issue in *Ellenburg*. Neither has the court remanded the matter without seeking further input from Defendants, as did the district court in that case.[14]

---

in *Baer* is "a complaint, which on its face fails to negate the possibility that diversity does not exist, is defective." *Baer*, 503 F.2d at 397. In other words, an allegation of diversity which leaves open the possibility that there is no diversity, is insufficient. Notably, the jurisdictional issue in *Baer* was raised *sua sponte* by the court of appeals, which ultimately remanded the matter to the district court with instructions to dismiss the complaint for lack of subject matter jurisdiction because *the record* did not "eliminate the possibility" that some members of defendant, an unincorporated association, were citizens of the same state as the plaintiff. *Id.*

[13] None of the cases cited by RSC Lexington stacks these propositions to hold that a party may rely on negative allegations made on information and belief as to its own citizenship, even in a notice of removal. While *Contreras* allowed defendant to rely on a negative allegation of citizenship, that assertion was not made on information and belief. *Cretian*, if anything, suggests a defendant should be able to state its actual citizenship as a defendant knows or is in the best position to determine its own citizenship. *Ellenburg*, while allowing an allegation on information and belief, was addressing an affirmative allegation as to an issue within the opposing party's control (amount in controversy). *Doe* dealt with a party's failure to allege a fact within its own control (the removing party's principal place of business), finding the failure procedural but, nonetheless, indicating it was a defective allegation. *Doe*, 819 F.3d at 64 (granting "motion to amend [defendant's] removal notice pursuant to 28 U.S.C. § 1653, which provides that '[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts.'").

[14] In *Ellenburg*, the district court remanded an action, *sua sponte*, because the notice of removal included only a generic allegation, made on information and belief, that the amount in controversy exceeded $75,000. The district court did not give defendants an opportunity to provide greater detail prior to remand and denied a motion to alter or amend that provided support for the amount in controversy claim. Relying on the procedural nature of the ruling, the Fourth Circuit held, first, that it had authority to review the remand order and, second, that the district court erred because procedural errors may only be raised by motion. *Ellenburg*, 519 F.3d at 195-97; *id.* at 195 (noting "[n]owhere in its opinion . . . did the district court actually find that subject matter jurisdiction . . . did not in fact exist"). The court further held the notice of removal was not defective because it

Instead, as expressly authorized in *Ellenburg*, this court directed Defendants to provide supplemental information in support of allegations as to their own citizenship. As the Fourth Circuit explained:

> Upon remand, the district court may inquire *sua sponte* whether it has subject matter jurisdiction and impose on the defendants the burden of demonstrating jurisdiction, or it may invite a motion to remand based on a lack of subject matter jurisdiction and resolve that motion, as it would any other motion, again imposing the burden of demonstrating jurisdiction on the defendants.
>
> Of course, if the court on remand concludes that it does not have subject matter jurisdiction, then it will be obligated under § 1447(c) to remand the case to the state court.

*Ellenburg*, 519 F.3d at 200.

The court also has before it Plaintiff's motion to remand, which challenges the adequacy of RSC Lexington's response to the court's Order to Supplement and, by doing so, provided RSC Lexington an additional opportunity to supplement information regarding its own citizenship. The motion to remand argues Defendants (most critically RSC Lexington) have failed to meet their burden of establishing the existence of subject matter jurisdiction (complete diversity) rather than asserting a procedural challenge to the adequacy of the notice of removal.

What RSC Lexington has provided through its responses to the court's order and Plaintiff's motion to remand fails to meet its burden of demonstrating jurisdiction, which, in this instance, requires it to establish by a preponderance of the evidence that none of its ultimate upstream

---

satisfied the relevant standards. Thus, *Ellenburg* supports the general proposition that a *notice of removal* is not defective simply because it relies on generic allegations in support of jurisdiction made on information and belief. *See also Doe*, 819 F.3d at 68 (reversing remand as based on procedural error where defendant failed to allege its principal place of business and court remanded, *sua sponte*, based on this deficiency).

14

members is a citizen of South Carolina. As RSC Lexington itself notes, it is the party in the best position to know or determine its own citizenship. Despite being in this position and two opportunities to do so, it continues to rely on general statements made on information and belief that, in many instances, constitute allegations of non-citizenship (*e.g*., that no individual in a particular set of upstream members is a citizen of South Carolina). A number of its statements fail to meet even this low threshold. For example, some of its allegations of non-citizenship refer to a particular point in time that is not relevant to determining the existence of subject matter jurisdiction (*e.g*., addressing citizenship at the time "investors committed to invest," rather than at the time of removal). Further, at least five allegations of non-citizenship are worded in a manner that suggests only an absence of knowledge of actual South Carolina citizenship rather than a basis for believing no member of the group is a citizen of South Carolina (*i.e.* stating on information and belief that, for members of five groups, "none [is/are/were] *known to be* citizens of South Carolina" (emphasis added)).[15] As to one upstream member, an L.P., RSC Lexington rests on its original description despite Plaintiff noting two of the three partners in this limited partnership were not identified.

In sum, the court has followed *Ellenburg* in requiring Defendants to provide additional support for their claims of citizenship and placed the burden on them to establish a factual basis for their claims. RSCM satisfied that burden as to its own citizenship, establishing (as alleged in the notice of removal) that it was a citizen of Florida. After having been afforded time to research

---

[15] The statements for two of these groups are in the present tense. The remaining two are introduced with the clause "at the time," though at what time is not indicated, and use the past tense "were" in stating "none were known to be citizens of South Carolina."

and address its own citizenship, both in response to the court's *sua sponte* order and Plaintiff's motion to remand, RSC Lexington has failed to do the same. This is because it fails and/or declines to trace its upstream membership to a point where its citizenship may be determined with any degree of certainty. While it remains possible that complete diversity exists (that is, that no upstream member of RSC Lexington is a citizen of South Carolina), the preponderance of the evidence does not support such a finding.[16]

## CONCLUSION

For reasons set forth above, the court finds Defendants have failed to establish that no upstream member of RSC Lexington is a citizen of South Carolina. It follows that Defendants have failed to meet their burden of establishing the existence of subject matter jurisdiction. Plaintiff's motion to remand is, therefore, granted and this matter is remanded to the state court from which it was removed. In light of remand, the court does not address the two pending motions to dismiss.

IT IS SO ORDERED.

s/Cameron McGowan Currie<br>
CAMERON MCGOWAN CURRIE<br>
Senior United States District Judge

Columbia, South Carolina
November 10, 2016

---

[16] What information is provided demonstrates that, rather than just being a citizen of Florida as claimed in its removal papers, RSC Lexington is a citizen of at least Florida, Maryland, and a number of other undisclosed states or foreign countries.

16